UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LEO CONO,<br><br>　　　　　　　　　Plaintiff,<br>v.<br>MARIA LOIACONO, et al.,<br>　　　　　　　　　Defendants. | Case No. 2:18-cv-01442-GMN-PAL<br><br>**ORDER**<br><br>(IFP Apps. – ECF Nos. 1, 3;<br>Mots. – ECF Nos. 4, 6, 7, 8, 13, 14, 15, 18) |

This matter is before the court on Plaintiff Leo Cono's Applications to Proceed *In Forma Pauperis* (ECF Nos. 1, 3). Mr. Cono has also filed numerous other motions: Motion for Order of Protection (ECF No. 4), Motion for Writ of Certiorari (ECF No. 6), Motion to Protect Witnesses and Preservation of Evidence (ECF No. 7), Motion to Compel the Preservation of Evidence and for Protective Order (ECF No. 8), Motion to Correct Docket (ECF No. 13), Motion to Waive Summons/Servicing Fees (ECF No. 14), Motion for Sanctions (ECF No. 15), Motion for Production of Records (ECF No. 18). These applications and motions are referred to the undersigned pursuant to 28 U.S.C. § 636(a)(A) and LR IB 1-3 of the Local Rules of Practice.

**I.　APPLICATION TO PROCEED *IN FORMA PAUPERIS***

Mr. Cono is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $400 filing fee is required to commence a civil action in a federal district court. Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* ("IFP"), meaning without prepaying the full $400 filing fee. *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. However, the court must apply "even-handed care" to ensure that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in material part, to pull his own oar."

1 *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (collecting cases); *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (recognizing Congress' concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits"). It is within the court's discretion to make a factual inquiry into a plaintiff's financial status and to deny an IFP application if an individual is unable or unwilling to verify his poverty. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). If the court determines that an individual's allegation of poverty is untrue, "it *shall* dismiss the case." 28 U.S.C. § 1915(e)(2)(A) (emphasis added).

Here, Mr. Cono has requested authority to proceed IFP and submitted the financial affidavit required by § 1915(a) asserting that he is unable to prepay fees and costs or give security for them. *See* IFP Application (ECF No. 1). However, the application is incomplete.

Mr. Cono did not fully respond to question three of the application. Cono represents in question three that he is unemployed but does not indicate whether he has received income for the past 12 months from (a) business, profession, or other self-employment; (b) rent payments, interest, or dividends; (c) pension, annuity, or life insurance payments; (d) disability, or worker's compensation payments; (e) gifts, or inheritances; or (f) any other sources. *Id*. at 1. He further represents that he has no money in cash or in a bank account; ownership of any items of value, such as a car, real estate, stocks, or jewelry is "N/A"; dependents are "N/A"; and debts and financial obligations are "N/A". *Id*. at 2. The abbreviation "N/A" means "not applicable" and is not responsive to the question. If the answer is "no" or "none" he must say so under penalty of perjury. The only question Mr. Cono substantively answered concerned his regular monthly expenses, such as housing, transportation, or utilities. Cono states he has monthly expenses of a phone ($100), P.O. Box ($75 for three months), and a public storage locker ($55).

The unanswered and incomplete statements in the IFP application are insufficient for the court to determine whether he is eligible to proceed IFP. The court will therefore deny the IFP Applications (ECF Nos. 1, 3) without prejudice and instruct the Clerk of Court to mail Mr. Cono a blank copy of the long form application (AO 239). Cono will have until **November 16, 2018**, to submit a completed IFP application or pay the $400 filing fee.

If Mr. Cono submits a completed IFP application and is granted IFP status, the court will then screen his complaint. Federal courts must screen any IFP complaint before allowing the case to move forward, issuing summons, and requiring an answer or responsive pleading. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). If the court determines that the complaint states a plausible claim for relief, the Clerk of Court will be directed to issue summons to the defendant(s) and the plaintiff must then serve the summons and complaint within 90 days. *See* Fed. R. Civ. P. 4(m). If the court determines that the complaint fails to state an actionable claim, the complaint is dismissed without prejudice and the plaintiff is ordinarily given leave to amend with directions as to curing the pleading deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II. CONO'S PENDING MOTIONS

Mr. Cono's pending motions (ECF Nos. 4, 6, 7, 8, 13, 14, 15, 18) are denied without prejudice. Several of his motions refer to other cases. The motions that may have something to do with this case will not be considered until after his IFP status has been determined and the court has screened the complaint to determine whether he has sated a claim on which relief may be granted. It is difficult and time-consuming work to produce a screening order, which decides whether the complaint states a claim, and if not, provide guidance to a pro se plaintiff to cure any noted defects and to file an amended complaint. The court has hundreds of active cases. Criminal cases have priority and, in the absence of a true emergency,[1] motions filed in civil cases are processed in the order in which they are filed. Filing premature motions like these actually slows the process because it creates more motions that require decisions. In short, each plaintiff must wait his or her turn.

Accordingly,

/ / /

/ / /

---

[1] LR 7-4 of the Local Rules of Practice discusses the requirements for submitting emergency motions and notes that such motions "should be rare." *See also Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 1137, 1144–45 (D. Nev. 2015).

**IT IS ORDERED:**

1. Plaintiff Leo Cono's Applications to Proceed *In Forma Pauperis* (ECF Nos. 1, 3) are **DENIED without prejudice**.

2. Plaintiff Leo Cono's Motion for Order of Protection (ECF No. 4), Motion for Writ of Certiorari (ECF No. 6), Motion to Protect Witnesses and Preservation of Evidence (ECF No. 7), Motion to Compel the Preservation of Evidence and for Protective Order (ECF No. 8), Motion to Correct Docket (ECF No. 13), Motion to Waive Summons/Servicing Fees (ECF No. 14), Motion for Sanctions (ECF No. 15), Motion for Production of Records (ECF No. 18) are **DENIED without prejudice**.

3. The Clerk of the Court shall MAIL Mr. Cono a copy of the long form application to proceed *in forma pauperis* (AO 239).

4. Mr. Cono will have until **November 16, 2018**, to submit the long form application to proceed *in forma pauperis* (AO 239) if he believes he can correct the noted deficiencies.

5. Alternatively, Mr. Cono may pay the $400 filing fee on or before **November 16, 2018**.

6. Mr. Cono's failure to comply with this Order by: (a) submitting a completed long form IFP application (AO 239), or (b) paying the $400 filing fee before the **November 16, 2018** deadline will result in a recommendation to the district judge that this case be dismissed.

Dated this 17th day of October, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE