# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LEO CONO, <br><br> Plaintiff, <br><br> v. <br><br> MARIA LOIACONO, et al., <br><br> Defendants. | Case No. 2:18-cv-01442-GMN-BNW <br><br> **ORDER AND** <br> **REPORT AND RECOMMENDATION** |

Presently before the court is pro se plaintiff Leo Cono's application to proceed *in forma pauperis* (ECF No. 22), filed on October 25, 2018. This matter was reassigned to the undersigned magistrate judge on May 2, 2019, for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(A) and Local Rule IB 1-3. (Notice (ECF No. 33).)

**I.  Background**

Under 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $400 filing fee is required to commence a civil action in federal court. A person who is unable to pay the filing fee may request the court's permission to proceed *in forma pauperis* ("IFP"), meaning without paying the $400 filing fee. *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. It is within the court's discretion to make a factual inquiry into a plaintiff's financial status and to deny an IFP application if an individual is unable or unwilling to verify his poverty. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). If the court determines that an individual's allegation of poverty is untrue, "it shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A).

Cono previously moved to proceed without paying the filing fee, and the court denied the application on the grounds that it was incomplete. (Order (ECF No. 20).) Specifically, Cono did not respond to question three, which required him to provide information about income from (a) business, profession, or other self-employment; (b) rent payments, interest, or dividends; (c)

pension, annuity, or life insurance payments; (d) disability, or worker's compensation payments; (e) gifts, or inheritances; or (f) any other sources. (*Id.* at 2.) Cono also responded "N/A" to various questions, and the court instructed Cono that "not applicable" is not responsive to the questions. (*Id.*) The only substantive information regarding his financial situation concerned his regular monthly expenses for a telephone ($100), P.O. Box ($75 for three months), and a public storage locker ($55). (*See id.*)

Given that the information Cono provided was insufficient for the court to determine whether Cono is eligible to proceed IFP, the court denied his request without prejudice for Cono to provide a complete IFP application. (*Id.*) The court specifically instructed Cono to file the long form application (AO 239) and provided him with a courtesy copy of that form. (*Id.*) The court instructed Cono to file form AO 239 or to pay the $400 filing fee by November 16, 2018. (*Id.* at 4.) The court expressly warned Cono that failure to submit "a completed long form IFP application (AO 239)" or to pay "the $400 filing fee before the November 16, 2018 deadline will result in a recommendation to the district judge that this case be dismissed." (*Id.*)

Cono now renews his request to proceed IFP. (IFP Appl. (ECF No. 22).) He timely filed the application, but he filed the short form application (AO 240) rather than the long form application (AO 239) that the court provided to him. (*Id.*) Once again, the only substantive information provided concerns his regular monthly expenses for a telephone ($100), P.O. Box ($75 for three months), and a public storage locker ($55). (*Id.* at 2.) He also provided a "not applicable" response to questions five, seven, and eight, which concern assets he may possess, the names of his dependents, and his debts or financial obligations. (*Id.*)

Given Cono's failure to follow the court's previous instructions, the court does not have sufficient information to evaluate Cono's financial status and therefore will deny Cono's IFP application. The court expressly warned Cono that if he failed to follow the court's instructions, the court would recommend dismissal of his case. Accordingly, the court will recommend that Cono's case be dismissed without prejudice under Local Rule IA 11-8 as a sanction for his failure to comply with the court's orders. The court further will recommend denial of Cono's other pending motions as moot.

## II. Conclusion and recommendation

IT IS THEREFORE ORDERED that Cono's application to proceed *in forma pauperis* (ECF No. 22) is DENIED.

IT IS RECOMMENDED that Cono's case be dismissed without prejudice.

IT IS FURTHER RECOMMENDED that all pending motions (ECF Nos. 19, 22) in this case be denied as moot.

## III. Notice

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: September 10, 2019

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE